**In re Basil and Zita PARKER, Debtors.**

**Bankruptcy No. 81–21431.**

United States Bankruptcy Court,
W.D. New York.

April 4, 1986.

Edward J. Degnan, Canisteo, N.Y., for debtors.

Joseph W. Latham, Bath, N.Y., for George F. Yount.

John K. McCarthy, Bath, N.Y., for Federal Land Bank.

## MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

Two motions have been brought before this Court which directly or indirectly relate to an approximately 50 acre parcel of land owned by the debtors. The first motion was heard on September 27, 1985. That motion was brought by George Yount and sought the release of $10,000 which he had placed in escrow for the purpose of purchasing the 50 ± acre parcel and for the dismissal of the debtors' bankruptcy case. The second motion was heard on October 25, 1985 and sought several forms of relief. Most of the requests for relief concern the aforementioned parcel, an adjacent parcel formerly owned by the debtors, and the escrow account.

Many material facts leading up to the filing of the two motions are in dispute. Those disputed facts, as resolved by the Court, and the undisputed facts are as follows. On September 4, 1981, the debtors filed a petition for relief under Chapter 11 of the Bankruptcy Code. At that time, according to the debtors' petition, they owned approximately 1185 acres of land and were engaged in beef farming. The land owned by the debtors was used to collateralize loans made by the Federal Land Bank of Springfield and the Farmer's Home Administration to the debtors.

Since 1981, Mr. Yount and the debtors had been negotiating for the sale of a portion of the debtors' land. The negotiations finally culminated in late 1983 or early 1984 in an oral contract for the sale of approximately 380 acres. An objection as to the ability of the debtors to provide proper title to a portion of the total acreage to be sold was voiced by Mr. Yount's attorney. The objection led to an understanding by the parties as to how to proceed.

That understanding is memorialized in an escrow agreement, dated February 14, 1986. The escrow agreement required that Mr. Yount deposit $10,000 in escrow for the purchase of an approximately 50 acre tract. The agreement further provides that the purchase will take place when a

proceeding pursuant to Article 15 of the Real Property And Proceedings Law is· completed and the said Basil J. Parker and Zita Y. Parker are determined in said proceeding to be vested in absolute title in fee simple in said premises and are in position to convey said premises to George F. Yount by Warranty Deed, free and clear of all liens and encumbrances.

If said Article 15 proceeding is not completed and said Basil J. Parker and Zita Y. Parker are not in position to convey as set forth above within one year from the date of this Agreement, at his election, the undersigned may declare the proposed purchase null and void and may remove the said $10,000 sum from the escrow account.

On February 14, 1984, Mr. Yount purchased 330 ± acres from the debtors for $70,000. That acreage was the remaining portion of the 380 ± acres specified in the original contract which was entered into between the debtors and Mr. Yount but was not referred to within the escrow agreement.

Pursuant to the terms of the escrow agreement, an Article 15 proceeding [N.Y. Real Prop.Acts Law §§ 1501–1551 (Consol. 1981)] was commenced and successfully concluded prior to the one year limitation. A closing date for the sale of the property was not immediately scheduled because of an objection raised by Mr. Yount with respect to a number of trees which were allegedly removed from the property. That obstacle was never resolved partly due to misunderstandings between the parties as to how to rectify the situation.

On March 30, 1984, a motion was heard requesting that $2,650 of the $10,000 being held in escrow be paid out as attorney fees to John McCarthy for his services in representing the Federal Land Bank of Springfield. After Mr. McCarthy alleged that all creditors and interested parties had been contacted and because there was no opposition, the motion was granted.

In March, 1985, the debtors extended an oil and gas lease on certain parcels of their land including the 50 ± acre parcel which is the subject of the escrow agreement. However, the debtors claim that the lease extension entered into with Bowman Development Ltd. was to specifically exclude that 50 ± acre parcel.

The first motion that was heard is one brought by Mr. Yount. Mr. Yount seeks the return of the $10,000 currently being held in escrow and the dismissal of the debtors' petition. The second motion was brought by the debtors.

Specifically, the second motion seeks an order directing $2,650 of the escrow account be turned over to Mr. McCarthy with the remainder being paid to the Farmer's Home Administration. In conjunction with the turnover of the escrow account, the debtors seek an order directing Mr. Yount to accept title to the 50 ± acre parcel of land. In the alternative, the debtors request an Order for a 50 foot right of way over Mr. Yount's land to the 50 ± acre parcel for the purpose of ingress and egress because of the alleged landlocked nature of the parcel or the reconveyance of the 330 ± acre parcel to cure the alleged landlocked situation. The debtors also desire the cancellation of the oil and gas lease extension as it refers to the 50 ± acre parcel.

Mr. Yount objects to the debtors' motion on several grounds. Three of the grounds which he raises merit consideration. The first ground is the debtors' inability to adequately describe the property to be sold. The property description of the 50 ± acre parcel, as provided by the debtors, is as follows:

THAT TRACT OR PARCEL OF LAND, situate in the Town of Howard, Steuben County, New York, and formerly known as the John Burleson Farm, and consisting of 50 acres, more or less.

The said premises are bounded on the north by ............... South by Burns, East by Burns and West by the Taylor Road, (The above names are presently bounded in 1961).

From the property description, it is apparent that the northern boundary of the parcel is in doubt as no reference point is delineated.

Mr. Yount's argument that the debtors have not adequately described the property is also bolstered by the debtors' contention that the 50 ± acre parcel is landlocked. The debtors contend that the parcel is landlocked even though the property description refers to the western boundary as being Taylor Road. Their argument is that either Taylor Road is nonexistent or Taylor Road is not the actual boundary to the property. In either case, this only adds to the confusion of the boundary controversy rather than defining the true extent of the parcel.

Another factor bolstering Mr. Yount's argument is an affidavit signed by Basil Parker on September 26, 1985. That affidavit refers to the inability of Mr. Parker to determine the extent of the tree cutting on the 50 ± acre parcel because of the difficulty in determining the boundary lines.

■ The law with respect to the adequacy or inadequacy of a description of a deed is quite clear in New York. *See, Town of Brookhaven v. Dinos,* 76 A.D.2d 555, 556–62, 431 N.Y.S.2d 567 (and the cases cited therein). The debtors have clearly failed to meet their burden of proof in adequately describing the parcel which they seek to transfer to Mr. Yount.

■ Mr. Yount also objects to the debtors' motion because of a diminution in the value of the property. The diminution is allegedly caused by the cutting of timber and an extension of an oil and gas lease on the property in question. The issue of whether timber was removed from the property, thus lessening the value, cannot be determined because of the imprecision in defining the boundaries of the parcel.

However, the debtors have admitted that an extension of an oil and gas lease covering the 50 ± acre parcel was granted. This extension has the effect of reducing the value of the property and specifically violating the terms of the escrow agreement which is Mr. Yount's third objection.

The escrow agreement requires the successful completion of an Article 15 proceeding within one year *and* the ability of the debtors to convey the property by warranty deed free and clear of all liens and encumbrances. Even though the debtors did fulfill the first requirement by successfully completing the Article 15 proceeding within the one year time frame, they failed to tender a warranty deed without the oil and gas lease which is an encumbrance on the property.

■ Because of the validity of the three objections as expressed by Mr. Yount and the total lack of adequate proof by the debtors to support their motion, the debtors' motion is denied in its entirety. Since the debtors are unable to provide a warranty deed which is free and clear of all liens and encumbrances, the $10,000 escrow fund is ordered released to Mr. Yount. In addition, the Order of March 30, 1984 requiring the disbursal of $2,650 to Mr. McCarthy from the escrow fund is vacated because of the lack of proper notice to all of the appropriate parties. Also, that portion of Mr. Yount's motion requesting the dismissal of the debtors' petition is denied and it is so ordered.